# OGDEN CITY v. ADAMS, State Treasurer.

No. 7779.   Decided June 14, 1952.   (245 P. 2d 851.)

See 48 C. J. S., Intoxicating Liquors, sec. 403. Recovery and disposition of penalties imposed for liquor violations. 30 Am. Jur., Intoxicating Liquors, secs. 467, 471 et seq.

*Paul Thatcher, Jack A. Richards, Charles H. Snedon,* Ogden, for plaintiff.

*Clinton D. Vernon,* Atty. Gen., *G. Hal Taylor,* Asst. Atty. Gen., for defendant.

WOLFE, Chief Justice.

This is an original proceeding commenced by Ogden City to compel the defendant to pay to it monies totalling $2800 which he has in his custody and control as State Treasurer. The monies were paid to the defendant by the clerk of the District Court in and for Weber County and represent fines paid by nineteen defendants in criminal actions. The fines were imposed by the District Court after the persons charged pleaded guilty to violating Sec. 46-0-237, Utah Code Annotated 1943. The plaintiff bases its claim for recovery of the fines on Sec. 46-0-219, U. C. A. 1943, providing that:

"All fines and forfeitures levied under [the Liquor Control Act] shall be paid to the state treasurer and credited to the general fund; *provided, however,* that in all cases where violations of this act are prosecuted to a conviction by the officer of any town, city or county the judge of the court wherein such prosecution took place shall certify to the state treasurer that such prosecution was conducted by the officers of such town, city or county, and the state treasurer, on the written approval of the chairman of the [liquor control] commission, shall pay to said town, city or county all amounts collected as fines, forfeitures or costs as the result of such prosecution."

In each case, the district judge presiding certified to the defendant State Treasurer that

"the prosecution * * * was initiated by the officers of Ogden City, and the evidence was obtained by and at the expense of Ogden City, and the officers of Ogden City assisted in the successful prosecution of [the] case".

The Chairman of the Utah Liquor Control Commission approved in writing the payment to Ogden City of the fines paid in each case.

The sole question for our determination is what construction should be given the phrases in Sec. 46-0-219, reading, "prosecuted to a conviction by the officer of any town, city or county" and "such prosecution was conducted by the officers of such town, city or county." The defendant argues that the Legislature intended that towns and cities should receive the fines, forfeitures or costs paid by persons pleading guilty to or convicted upon trial of violations of the Liquor Control Act only when the town or city attorney, exclusively and without the intervention of the county or district attorney, directs as the prosecuting attorney for the State, the course of the proceedings against the accused from their inception to their end. On the other hand, the plaintiff contends that the Legislature intended to award the fines, forfeitures and costs to municipalities whenever an officer or officers of a municipality (regardless of whether they are executive, prosecuting or police officers) cooperate with and aid the county and/or district attorney in securing a conviction of persons charged with violating the Liquor Control Act. Plantiff argues that such acts of cooperation and aid might include but are not limited to: (1) obtaining evidence against the accused and presenting it to the county attorney; (2) signing the complaint; (3) testifying at the trial of the case and/or the preliminary hearing; (4) assisting the county or district attorney with the drawing of the complaint and information, and assisting in the preparation for trial and trial of the case.

At the time the Liquor Control Act, Chap. 43, Laws of Utah 1935, U. C. A. 1943, 46-0-43, et seq., was enacted, it was the duty, either by statute or by municipal ordinance, of (1) town and city attorneys to represent their respective municipalities in city and justices' courts in criminal actions for the violation of town or city ordinances and if an appeal was taken to the district court, to represent the city or town in that court; (2) county attorneys to represent the State in criminal actions brought in the name of

the State and tried in justices' and city courts (simple misdemeanors) and in preliminary hearings held in such courts when the accused is charged with the commission of an indictable misdemeanor or a felony; and (3) district attorneys to represent the State in criminal actions tried in the district courts (indictable misdemeanors and felonies).

Presumably with these duties in mind, the Legislature in the Liquor Control Act of 1935 called upon town, city and county executive, prosecuting and police officers to aid in the enforcement of the Act, as will be noted by the following sections:

Sec. 46-0-206, U. C. A. 1943, originally Sec. 164, Chap. 43, Laws of Utah 1935, provides in part:

"If any district, county, city or town attorney, or any peace officer, or any other person has probable cause to believe that alcoholic beverages are possessed, manufactured, sold, bartered, given away or otherwise furnished in violation of this act or are kept for the purpose of selling, bartering or giving away or otherwise furnishing the same in violation of law, it shall be the duty of such attorney, peace officer or person forthwith to make and file with the judge of the district or city court, or any city, town or precinct justice of the peace, written information supported by his oath or affirmation that he has information and reason to believe that this act is being violated at a certain place, stating the facts within his knowledge; and he shall describe as particularly as may be the place, and the names of the persons, if known, participating in such unlawful act. * * * Any peace officer who shall make a seizure of alcoholic beverages or any other property under the provisions of this act shall forthwith report in writing, on forms supplied by the commission, to the prosecuting attorney of the city or county in which such seizure was made, and also to the commission, with detailed information as to the property seized and persons arrested, and the address of the place from which such property was seized."

Sec. 46-0-216, U. C. A. 1943, originally Sec. 174, Chap. 43, Laws of Utah 1935, so far as is pertinent here, provides:

"All inspectors appointed under this act, and all sheriffs, deputy sheriffs, mayors, city judges, justices of the peace, constables, mar-

shals and peace officers, and all district, county, city and town attorneys, and clerks of courts shall diligently enforce the provisions of this act. * * * Immediately upon conviction of any person in any town, city or county for violation of any provisions of this act, or for violation of any city ordinance relating to alcoholic beverages, it shall be the duty of the clerk of the court or the justice of the peace to notify the commission of such conviction, giving in writing full particulars of the case on forms supplied by the commission. * * *"

Sec. 46-0-247, U. C. A. 1943, originally Sec. 205, Chap. 43, Laws of Utah 1935, provides:

"The sheriffs of the several counties are hereby authorized, and it is made their duty, to enforce the provisions of this act within incorporated cities and towns with the same diligence as within territory in their respective counties outside of cities and towns; but this provision shall not be so construed as to relieve in any degree whatsoever any city executive, prosecuting or police officer of his duty and obligation to enforce the provisions of this act."

Sec. 46-0-248, U. C. A. 1943, originally Sec. 206, Chap. 43, Laws of Utah 1935, provides:

"The governor and the commission may each initiate and carry on prosecutions for violation of this act in any and all political subdivisions of this state; and all city, county, precinct and state executive, prosecuting and peace officers are hereby charged with the enforcement of the provisions thereof. In the event of failure of any local officer to take the necessary steps for the enforcement of this act, any and all executive, prosecuting and peace officers of any larger political unit within any part of which such officer so failing or refusing has jurisdiction are hereby clothed with authority to take the necessary steps for the enforcement thereof. Any citizen, association or society may employ any attorney or attorneys to assist the prosecuting attorney to perform his duties under this act, and such attorney shall be counsel in the proceedings."

In imposing these duties of enforcement upon town and city officers, did the Legislature intend to make an exception to the already existing orderly procedure for the handling of criminal actions in this state and authorize town and city attorneys to handle, without the intervention of either the county or district attorney, violations

of the Act in justices, city and district courts? We think the question must be answered in the negative for the reasons hereafter stated.

Sec. 46-0-219, set out in full at the threshold of this opinion, is Sec. 177 of the Liquor Control Act of 1935. The Act before its passage was House Bill No. 41. In that bill as introduced in the House of Representatives, Sec. 177 read as follows:

"All fines or penalties imposed under this act shall be paid by the court or the clerk thereof to the county treasurer; provided that where a penalty is imposed under a municipal ordinance as provided in section ————, the fine or penalty shall be remitted to the treasurer or the municipality."

However, before its enactment into law, Sec. 177, as well as numerous other sections of the bill, was amended by the Legislature. As will be noted, Sec. 177 as amended contains little of the original language. Instead of merely providing for the remittance to towns and cities of fines and penalties imposed for the violation of town and city ordinances relating to alcholoic beverages, the Legislature by its amendment to Sec. 177 provided for the remittance to towns, cities and counties of all fines, forfeitures and costs collected as the result of "prosecutions" of violations of the *Liquor Control Act* by an "officer" or "officers" of towns, cities and counties.

Inasmuch as there were in operation at the time the Liquor Control Act was enacted, statutes imposing the duty upon county attorneys to represent the State in criminal actions tried, and in preliminary hearings held in city and justices' courts, and imposing the duty upon district attorneys to handle on behalf of the State all criminal actions in the district court, it is unlikely that the Legislature intended that town and city attorneys in lending their aid to the enforcement of the Act should circumvent the established procedure for the handling of criminal cases in the courts of this State. In the first place, there is no

express authorization in the Act for city and town attorneys to represent the State in cases involving liquor violations and by-pass the county and district attorney which handle other criminal cases for the State. Secondly, no reason has been suggested why the Legislature would desire to create a dual system for the handling of liquor violations which, it would seem, would result in confusion and an overlapping of functions.

Concluding then that the Legislature in the case of violations of the Liquor Control Act did not intend to make an exception to the well-established procedure for the handling of criminal matters in this State, it can be argued that the Legislature nevertheless used the words "prosecuted" and "prosecution" in the phrases of Sec. 46-0-219, U. C. A. 1943, reading "prosecuted to a conviction by the officers of any town, city or county" and "such prosecution was conducted by the officers of such town, city or county" in a broad sense; that it did not mean thereby that before cities and towns are entitled to the fines and forfeitures the town or city attorney must be the prosecuting attorney for the State directing the proceedings against the accused, but that the Legislature used the word "prosecuted" in the same sense that a person who obtains evidence against another and initiates a criminal action against him, and in the sense that a plaintiff in a civil suit prosecutes his case against the defendant. In this sense, "prosecute" means to proceed against to finality through the processes of the law. Giving the word "prosecuted" this meaning, it would not be necessary for the town or city attorney to handle exclusively of the county and/or district attorney a criminal case where a violation of the Liquor Control Act is charged, but cities and towns would qualify for the remission of the fines and forfeitures if an officer or officers of such city or town (irrespective of whether they are executive, prosecuting or police officers) pursue the case through the offices of the county and district attorney or both, rendering them assistance and cooperation

without which it would not have been possible to obtain a conviction of the violator.

The difficulty with this argument is that it ignores the usual meaning which the word "prosecute" has when used in connection with criminal actions, that is, to direct for the State the proceedings against the accused. It is a function which can only be performed by an attorney or by one authorized to practice in the courts. To give the word "prosecuted" as it is used in Sec. 46-0-219 the broad definition which it sometimes has, would be to ascribe to that word a meaning not ordinarily accorded it in criminal law. Furthermore, if "prosecute" be given a broad definition and construed to mean a function which is performed by swearing to a complaint before a magistrate and testifying against the accused at the preliminary hearing and/or trial, many difficulties are introduced. Suppose in a case of a violation of the Liquor Control Act an arrest is made by a city or town police officer acting in conjunction with a county sheriff and a state highway patrolman. All three officers testify at the preliminary hearing and/or trial. In such case how can the trial judge determine which officer prosecuted the case? Other fact situations can be conceived where it would be extremely difficult, if not impossible, for the trial judge to determine who prosecuted the case if that word is to be given a broad definition.

It should be further observed that Sec. 46-0-219 provides that the prosecution must be "conducted by the officers of [the] town, city or county" before such policital subdivisions can qualify for the remission of the fines and forfeitures. The word "conduct" means to guide, direct or manage and is not a function performable by one who acts in the capacity of an aid or an assistant. We would be torturing definitions were we to hold that the "prosecution" of a criminal action can be "conducted" by a city or town police officer and/or by a city or town attorney when he or they initiate the action against the accused by swearing to a complaint, secure evidence against him and assist the

county or district attorney in building and proving a case against him.

Thus we conclude that the Legislature intended to remit fines and forfeitures to towns and cities only when the attorneys of such municipalities conduct on behalf of the State the proceedings against the accused, but that the Legislature has failed to give town and city attorneys that authorization and hence Sec. 46-0-219 insofar as it provides for the remission of fines and forfeitures to towns and cities is ineffectual until such time as that authorization is conferred.

The alternative writ heretofore issued is quashed.

McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring in result).

I concur in the result. It is difficult to believe that the Legislature intended a remission of fines and forfeitures to local authorities, where a local officer merely initiates a criminal prosecution. If there were any doubt about it, I think it was resolved against such interpretation when the 1947 Legislature provided for $1,000,000 of liquor profits to be transferred into a "City, Town and County Liquor Control Fund"[1]. The creation of this fund came 12 years after the section inviting this proceedings[2]. Although the $1,000,000 was not specifically earmarked for law enforcement, but for "lawful purposes," the title of the Act itself: "City, Town and County Liquor Control Fund," implies such a use. Regardless of how the fund is used in local government, obviously it releases other funds for use in liquor enforcement. It would seem that the 1947 Legislature's Fund legislation made definite that which was highly indefinite under the 1935 fines and forfeitures provisions.

---

[1]H. B. 85, Chap. 112, Laws of Utah 1947, creating the fund; and H. B. 62, Chap. 64, Laws of Utah 1947, providing for the transfer.

[2]Sec. 46-0-219, U. C. A. 1943.

WADE, Justice (dissenting).

I think it is clear that the Legislature did not intend to use the words "prosecuted to a conviction by the officers of any town (or) city" in their limited sense of requiring such officers to conduct the court proceedings leading to a conviction, but only intended that such officers should do the necessary acts which are not required to be done by the district or county attorney. Under the construction placed on this provision by the prevailing opinion, the provisions requiring the cities and towns to prosecute and assist in enforcing the law in question, and providing for the payment to such city or town of all fines, forfeitures or costs, is a nullity. This I think clearly shows that the Legislature intended to use these terms in their broader sense.